

**Certified as a true copy and issued as the mandate on Nov 03, 2023**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
## for the Fifth Circuit

**FILED**
November 03, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ J.E. _____
DEPUTY

United States Court of Appeals
Fifth Circuit
**FILED**
October 12, 2023
Lyle W. Cayce
Clerk

_____

No. 22-50753

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

VICTOR RAUL LOZANO, JR.,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-66-1

_____

Before SMITH, SOUTHWICK, and HIGGINSON, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 12, 2023
Lyle W. Cayce
Clerk

_____

No. 22-50753
_____

UNITED STATES OF AMERICA,

        *Plaintiff—Appellee*,

versus

VICTOR RAUL LOZANO, JR.,

        *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-66-1

_____

Before SMITH, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

    Victor Raul Lozano, Jr. pleaded guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to a within-guidelines sentence of 46 months of imprisonment. On appeal, Lozano argues that the district court erred by applying an enhanced offense level under U.S.S.G. § 2K2.1(a)(4)(B) upon the finding that he constructively possessed a large-capacity handgun.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50753

We review a district court's interpretation or application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Clear error review is "deferential," and a factual finding needs "only . . . to be plausible in light of the record as a whole" to be upheld. *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021) (internal quotation marks and citation omitted).

The Government has the burden to demonstrate, "by a preponderance of the evidence, the facts necessary to support an elevated base offense level." *United States v. Luna-Gonzalez*, 34 F.4th 479, 480 (5th Cir. 2022). In general, a presentence report (PSR) "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (internal quotation marks and citation omitted). Therefore, a district court may adopt, without further inquiry, the facts contained in a PSR to support an offense level enhancement. *United States v. Rome*, 207 F.3d 251, 254 (5th Cir. 2000). If the defendant challenges the facts presented in the PSR, he has the burden of showing that they are "materially untrue, inaccurate or unreliable." *Abrego*, 997 F.3d at 312 (internal quotation marks and citation omitted). Such challenges substantiated only by "unsworn assertions . . . are unreliable and should not be considered." *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992).

Based on the facts presented in the PSR, there was "at least a plausible inference that [Lozano] had knowledge of and access to" the large-capacity handgun at issue, as was the required showing here for constructive possession. *United States v. Hinojosa*, 349 F.3d 200, 204 (5th Cir. 2003) (internal quotation marks and citation omitted); *see also United States v. Prudhome*, 13 F.3d 147, 149 (5th Cir. 1994) (reviewing a challenge to the sufficiency of the evidence and stating that the evidence supported an inference of constructive possession of the firearm in the vehicle because the

defendant "was driving, the gun was located directly under his seat, and he had three rounds of matching ammunition in his waist pouch"). Lozano's unsworn assertions to the contrary were not sufficient to rebut the reliable evidence presented in the PSR which supported the district court's factual findings. *Lghodaro*, 967 F.2d at 1030.

    AFFIRMED.

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 03, 2023

Mr. Philip Devlin
Western District of Texas, Midland
United States District Court
200 E. Wall Street
Room 222
Midland, TX 79701-0000

    No. 22-50753    USA v. Lozano
                          USDC No. 7:22-CR-66-1

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Renee S. McDonough, Deputy Clerk
                              504-310-7673

cc:
    Ms. Margaret Mary Embry
    Mr. Charles E. Fowler Jr.
    Mr. Joseph H. Gay Jr.
    Mr. Matthew James Kozik